In re:   LUCIO LEIDE FOAH,                                          No. 7-11-13550 JA

Debtor.

## AMENDED MEMORANDUM OPINION[1]

THIS MATTER is before the Court on the Debtor's Motion for Summary Judgment filed by the Debtor in response to RES-GA Memorial, LLC's objection to the Debtor's claim of exemption in a life insurance policy.[2] In response to the Debtor's Motion for Summary Judgment, RES-GA Memorial, LLC ("RES-GA"), for the first time, raised an issue concerning whether the Debtor was domiciled in New Mexico for the applicable period prescribed by 11 U.S.C. § 522(b)(3)(A).[3] *See* Docket No. 32.   At the final hearing on the Debtor's Motion for Summary Judgment, held March 1, 2012, RES-GA conceded that the Debtor satisfied the requirements of 11 U.S.C. § 523(b)(3)(A) and is, therefore, entitled to claim exemptions under applicable New Mexico law.

What remains at issue is the meaning of the New Mexico exemption statute, N.M.S.A. 1978, § 42-10-3, which provides an exemption in "[t]he cash surrender value of any life

---

[1] This Amended Memorandum Opinion corrects two non-substantive errors contained in the Memorandum Opinion entered March 12, 2012.
[2] RES-GA Memorial filed it objection to the Debtor's claim of exemption on October 13, 2011.  *See* Docket No. 19. The Debtor filed Motion for Summary Judgment, Memorandum in Support of Debtor's Motion for Summary Judgment, and Affidavit of Debtor Leide Foah in Support of Debtor's Motion for Summary Judgment on December 15, 2011.  *See* Docket NO. 31.   RES-GA Memorial, LLC ("RES-GA") filed an objection to the Debtor's Motion for Summary Judgment on January 4, 2012, and the Debtor filed its reply on January 18, 2012.  *See* Docket No. 32 and Docket No. 38.
[3] Section 522(b)(3)(A) provides, in relevant part:
> [A]ny property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period  or for a longer portion of such 180-day period than in any other place.

11 U.S.C. § 522(b)(3)(A).

insurance policy . . . with any life insurance company . . . issued upon the life of a citizen or resident of the state of New Mexico, or made by any such insurance company with such citizen . . ." N.M.S.A. 1978 § 42-10-3.   RES-GA contends that, under a plain reading of the statute, the exemption applies only if the insured is a citizen or resident of the state of New Mexico.  The Debtor, who is the owner and beneficiary of the life insurance policy, likewise relies on the plain meaning of the statute in support of his claimed exemption. Whether this New Mexico exemption statute covers both 1) owners of life insurance policies who are residents or citizens of the state of New Mexico; and 2) insured parties who are residents or citizens of the state of New Mexico, is an issue of first impression.

After hearing and considering counsel's argument, the Court determined at the final hearing held March 1, 2012 that the Debtor is entitled to claim an exemption in the life insurance policy he purchased on the life of his father, a resident of the state of Georgia.   Consistent with the Court's ruling, the Court now enters the following findings of fact and conclusions of law.

## SUMMARY JUDGMENT STANDARDS

Summary judgment, governed by Rule 56, Fed.R.Civ.P., will be granted when the movant demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a), made applicable to contested matters by Rule 9014, Fed.R.Bankr.P.   In considering a motion for summary judgment, the Court must "'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (10th Cir. 1995)(quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F2d 1238, 1241 (10th Cir. 1990)).

FACTS

The following facts are not subject to genuine dispute:

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 5, 2011 (the "petition date").

2. The Debtor was domiciled in the state of New Mexico during the 730 days immediately preceding the petition date.[4]

3. On Schedule C filed in the Debtor's bankruptcy case, the Debtor claimed an exemption under N.M.S.A. 1978, § 42-3-10 in a Northwestern Mutual Life Insurance Policy dated April 27, 1992 (the "Policy").

4. The Debtor's father, Mario L. Foah, is the insured under the Policy.

5. The Debtor at all times has been the owner and the beneficiary under the Policy, including as of the petition date.

CONCLUSIONS OF LAW

Having been domiciled in the state of New Mexico during the 730 days immediately preceding the petition date, the Debtor is entitled to claim exemptions under New Mexico law. *See* 11 U.S.C. § 522(b)(3)(A).[5] The applicable New Mexico exemption statute is N.M.S.A. 1978, § 42-10-3, which provides:

> The cash surrender value of any life insurance policy, the withdrawal value of any optional settlement, annuity contract or deposit with any life insurance company, all weekly, monthly, quarterly, semiannual or annual annuities, indemnities or payments of

---

[4] RES-GA conceded this fact at the final hearing held March 1, 2012.
[5] *See also, In re Anderson,* 386 B.R. 315, 328 (Bankr.D.Kan. 2008), *aff'd,* 406 B.R. 79 (D.Kan. 2009)(stating that "Section 522(b)(3)(A) provides for the exemption by the debtor of property that is exempt under state or local law applicable where the debtor is domiciled on the petition date and has been domiciled for the 730 days preceding that date."); *In re Townsend,* 2012 WL 112995, *3 (Bankr.D.Kan. Jan. 12, 2012)(explaining that "Paragraph 3(A) provides that the state law 'applicable' in the Debtors' 'domicile' provides exemptions the Debtors can claim so long as their 'domicile' was located in that state for two full years ('730 days') before they filed their bankruptcy petition.").

3

> every kind from any life, accident or health insurance policy, annuity contract or deposit heretofore or hereafter issued upon the life of a citizen or resident of the state of New Mexico, or made by any such insurance company with such citizen, upon whatever form and whether the insured or the person protected thereby has the right to change the beneficiary therein or not, shall in no case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or who is protected by said contract, or who receives or is to receive the benefit thereof, nor shall it be subject in any other manner to the debts of the person whose life is so insured, or who is protected by said contract or who receives or is to receive the benefit thereof, unless such policy, contract or deposit be taken out, made or assigned in writing for the benefit of such creditor.
>
> N.M.S.A. 1978, § 42-10-3.

RES-GA contends that this exemption statute does not apply to a life insurance policy issued on the life of someone who is not a New Mexico citizen or resident. The Debtor disagrees, pointing out that the language of the statute uses the word, "or," followed by the words "made by any such insurance company with such citizen." Under the Debtor's construction of the statute, both insured persons who are citizens or residents of the state of New Mexico and policy owners who are citizens or residents of the state of New Mexico are entitled to the exemption. There is no New Mexico case law interpreting this part of the statute.

Courts interpreting this New Mexico exemption statute observe generally that "[t]he language of the statute is broad and expansive. It does not limit the type of payment, form of payment, or person to receive the payment." *Finch v. Schrock (In re Schrock),* 119 B.R. 808, 809 (Bankr.D.N.M. 1990).[6] Under the New Mexico Uniform Statute and Rule Construction Act, when interpreting a New Mexico statute, "'[u]nless a word or phrase is defined in the statute or rule being construed, its meaning is determined by its context, the rules of grammar and common usage.'" *Portal,* 131 N.M. at 173, 45 P.3d at 893 (quoting N.M.S.A. 1978, § 12-2A-2 (1997)).

---

[6] *See also In re Portal,* 132 N.M. 171, 173, 45 P.3d 891, 893 (2002)(same, and noting further that "[i]ndeed the language of the statue provides exemption for 'payments of every kind from any life, accident or health insurance policy . . . issued upon the life of a citizen . . . or made by any such insurance company with such citizen, upon whatever form.'")(quoting N.M.S.A. 1978 § 42-10-3).

4

The New Mexico exemption statutes do not define "such citizen," so the Court must interpret the meaning of that phrase using the rules of grammar and common usage. Only if the meaning is not clear may the Court look beyond the plain language of the statute itself to aid in its interpretation of the statute.[7]

Upon close examination of the statutory language, the Court finds that "such citizen" is not restricted to a citizen of the State of New Mexico who is also the insured. The applicable language in the statute states: [t]he cash surrender value of any life insurance policy . . . issued upon the life of a citizen or resident of the state of New Mexico, **or** made by any such insurance company with such citizen." N.M.S.A. 1978, § 42-10-3 (emphasis added). Use of the disjunctive word "or" means that there are two alternatives.[8] Either the life insurance policy is issued on the life of a citizen or resident of the state of New Mexico, or the policy is made with a citizen or resident of the State of New Mexico. In other words, the statute exempts the cash value of any life insurance policy as to both 1) insured persons who are citizens or residents of the State of New Mexico; and 2) policy owners who are citizens or residents of the State of New Mexico.

---

[7] *See State v. Rivera,* 134 N.M. 768, 770, 82 P.3d 939, 941 (2003)("Under the plain meaning rule of statutory construction, '[w]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation.'")(quoting *State v. Jonathan M.,* 109 N.M. 789, 790, 791 P.2d 64, 65 (1990)); *Martinez v. Cornejo,* 146 N.M. 223, 227, 208 P.3d 443, 447 (Ct.App. 2008)("This plain meaning rule requires us to give effect to the statute's language and refrain from further interpretation when the language is clear and unambiguous.")(citation omitted). *See also, U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989)("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.' In such cases, the intention of the drafters rather than the strict language controls.")(quoting *Griffin v. Oceanic Contractors, inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)); *United Resource Systems, Inc. v. Meinhart (In re Meinhart),* 211 B.R. 750, 753 (Bankr.D.Colo. 1997)("Where the language of the statute is clear, it must be followed. Court construction is only required when there is an ambiguity.").

[8] *See Long v. Board of Governors of the Federal Reserve System,* 117 F.3d 1145, 1157 (10th Cir. 1997)("we have determined the use of a disjunctive in a statute generally indicates alternatives were intended.")(citing *Knutzen v. Eben Ezer Lutheran Hous. Ctr.,* 815 F.2d 1343, 1349 (10th Cir. 1987)); *In re TCR of Denver, LLC,* 338 B.R. 494, 499-500 (Bankr.D.Colo. 2006)(observing that, "[g]enerally, courts presume that 'or' is used in a statute disjunctively unless there is a clear legislative intent to the contrary."). *See also, State v. Tsosie,* 150 N.M. 754, 266 P.3d 34, 41 (Ct.App. 2011)("as a rule of statutory construction, the word 'or' should be given its normal disjunctive meaning unless the context of the statute demands a different meaning.")(citing *State v. Johnson,* 2001-NMSC-001, ¶30, 130 N.M. 6, 15 P.3d 1233 (2000)).

Each word and phrase used in a statute should be accorded meaning, so that a statute ought not to "be construed in a way that renders phrases meaningless, redundant, or superfluous." *Meinhart,* 211 B.R. at 753 (citing *Rake v. Wade,* 508 U.S. 464, 471-472, 113 S.Ct. 2187, 2192, 124 L.Ed.2d 424 (1993)(remaining citations omitted)).[9] RES-GA's interprets "such citizen" to refer back to the phrase "issued upon the life of a citizen or resident of the state of New Mexico," so that the exemption applies only to insured parties who are citizens or residents of the state of New Mexico. This Court disagrees. To read "such citizen" as further qualified by the phrase "insured upon the life of a citizen ore resident" renders the alternative phrase "or made by any such insurance company with such citizen" superfluous. A citizen or resident who is also the insured would always satisfy the first alternative condition, in which case there would be no need for the statute to include "or made by any such insurance company with such citizen."

Construction of the statute as analyzed above entitles Debtor to claim the exemption. The facts not subject to genuine dispute establish that the Debtor, who is a resident or citizen of the state of New Mexico, is the owner of the Policy. Consequently, he is entitled to claim an exemption in the Policy under N.M.S.A. 1978 § 42-10-3. RES-GA's argument that the Debtor is not entitled to summary judgment because his statement of undisputed facts did not include a statement regarding the citizenship or residency of the insured party under the Policy is unavailing. Because the Debtor qualifies under the second, alternative category of persons entitled to claim an exemption under N.M.S.A. 1978 § 42-10-3, it was unnecessary to establish whether the insured party under the Policy is a citizen or resident of the state of New Mexico.

---

[9] *See also, TRW Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001)("It is a 'cardinal principle of statutory construction' that a 'statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'")(quoting *Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)(internal quotation marks omitted); *United States v. Menasche,* 348 U.S. 528, 538-539, 75 S.Ct. 513, 99 L.Ed. 615 (1955)("It is our duty 'to give effect, if possible, to every clause and word of a statute.'")(quoting *Inhabitants of Montclair Tp. v. Ramsdell,* 107 U.S. 147, 152, 2 S.Ct. 391, 27 L.Ed. 431 (1883)).

6

CONCLUSION

     Based on the foregoing, the Court concludes that summary judgment should be granted in favor of the Debtor. The plain language of the statute extends the exemption in the cash surrender value of a life insurance policy to insured parties who are citizens or residents of the state of New Mexico, and to owners of life insurance policies who are citizens or residents of the state of New Mexico. Because the purpose of the New Mexico statutory exemptions is "to provide a debtor with a fresh start . . . their broad and expansive language is to be liberally construed." *Portal,* 132 N.M. at 174, 45 P.3d at 894. This result comports with that intended purpose. The Court will enter a separate order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 13, 2012

COPY TO:

George M. Moore
Arin Berkson
Attorneys for Debtor
PO Box 7459
Albuquerque, NM 87194

William F. Davis
Andrea Steiling
Attorneys for RES-GA Memorial, LLC
6709 Academy NE, Suite A
Albuquerque, NM 87109